UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
GREGORY MAIORANA and SUSAN NACMIAS,    :
: **ORDER**
Plaintiffs,                :
: 14-CV-25 (WFK) (RER)
-against-                  :
:
OCCIDENTAL FIRE & CASUALTY COMPANY     :
OF NORTH CAROLINA                       :
:
Defendant.                 :
:
-----------------------------------------------------------------X
**WILLIAM, F. KUNTZ, II, United States District Judge**

This action was initiated by the removal of the Complaint from the Supreme Court of the State of New York, County of Richmond, to the Eastern District of New York on June 17, 2013. (Dkt. 1.) In the Complaint, plaintiffs Gregory Maiorana and Susan Nacmias ("Plaintiffs") alleges that Occidental Fire & Casualty Company of North Carolina ("Defendant") failed to honor the terms of a property insurance policy issued to Plaintiffs, and that Defendant is liable to Plaintiffs for damage caused to their property by Hurricane Sandy. (Dkt. 1.)

On January 9, 2014, Defendant submitted a letter motion requesting a pre-motion conference in anticipation of filing a motion to dismiss Plaintiffs' First, Second, and Third Claims for breach of contract, breach of good faith and fair dealing, and violations of New York General Business Law §§ 349 and 350, respectively. (Dkt. 1.) On January 15, 2014, this case was designated a Hurricane Sandy case, along with hundreds of others.

On February 21, 2014, the Magistrate Judges overseeing the Hurricane Sandy cases issued Case Management Order Number 1 ("CMO 1"), which instructed Plaintiffs to voluntarily

1

withdraw "state law claims alleging bad faith or negligent claims of handling, certain forms of relief, such as punitive damages, treble damages, and/or attorneys' fees, and requests for jury trials" within fourteen days of the Order's issuance. (Dkt. 26, at 5.) In the alternative, Plaintiffs were directed to "submit a letter to the assigned judge, explaining the legal basis for continuing to pursue such claims in any particular case." (*Id.* at 5-6.) Plaintiffs failed to voluntarily dismiss their claims or to submit a letter explaining their continued pursuit of such claims within the stipulated time. (Dkt. 47, at 2.)

On May 9, 2014, Magistrate Judge Reyes filed a Report and Recommendation recommending that "plaintiffs' second and third claims, as well as any request for extra-contractual damages, be dismissed in accordance with CMO 1 as lacking any legal basis." (Dkt. 47, at 2.) The Report and Recommendation recounted the parties' history and documented the failure of Plaintiffs to respond to the CMO 1. (*Id.* at 1-2.) The Report and Recommendation concluded that Plaintiffs' second and third claims should be dismissed, and that Plaintiffs' first claim should also be dismissed if Plaintiffs failed to respond to Defendant's motion for a pre-motion conference within fourteen days. (*Id.* at 2).

Plaintiffs filed a letter that same day opposing Defendant's request for a pre-motion conference to dismiss Plaintiffs' first claim for damages only. (Dkt. 48.) Plaintiffs did not file an objection to the Report and Recommendation's recommendation of dismissal of their second and third claims. (*Id.*)

## DISCUSSION

In reviewing a Report and Recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1) (West 2015). When no objections have been filed, a district court reviews a Report and Recommendation for clear error. *See Zeitone v. Korsinsky & Klein, LLP*, 13-CV-0383, 2013 WL 5937397, at *1 (E.D.N.Y. Nov. 4, 2013) (Kuntz, J.) (citing *Reyes v. Mantello*, 00-CV-8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003) (Cote, J.)); *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007) (Garaufis, J.). If an objection is timely made to the Report and Recommendation, then the district court judge reviews "those portions of the report . . . or recommendations to which objection is made" *de novo*. *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Second Circuit has outlined five factors to be considered when determining whether to dismiss a case. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). The factors are: "(1) the duration of the plaintiff[']s failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less dramatic than dismissal" would be appropriate. *Id.*

Plaintiffs have not objected to the Magistrate Judge's dismissal of this case's second and third causes of action. The Court finds that there was no clear error in the Report and Recommendation's determination that the second and third causes of action should be dismissed, as all five of the *Lucas* factors counsel in favor of dismissal.

Plaintiffs have satisfactorily responded to the Defendant's motion for a pre-motion conference within fourteen days of the Report and Recommendation being issued. As Plaintiffs have complied with the caveat to the Magistrate Judge's Report and Recommendation, the Court finds that the first cause of action in this case should not be dismissed.

## CONCLUSION

For the foregoing reasons, this Court adopts Magistrate Judge Reyes's Report and Recommendation in its entirety.

SO ORDERED

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: January 22, 2015
Brooklyn, New York